Battle, J".
 

 The plaintiff’s vendor, Griffin, was clearly competent, as a witness, for the purpose for which he was called. It appears, as well from the facts stated in the bill of exceptions, as from the instruction of the Court thereupon, that the defendant, having ascertained that he could not show a good title in himself, sought to defeat the plaintiff’s recovery, by proving that the horse belonged to Griffin. The title of Griffin was not, therefore, the subject of.dispute between the parties, except that the plaintiff insisted it had been transferred to him, before the conversion by the defendant for which the suit was brought. When Griffin, then, was introduced to prove the sale by himself to the plaintiff, his proposed testimony was against his interest, because, until the sale was proved, his implied warranty of title could not arise. But the counsel for the defendant says that it is an established rule, that a vendor of personal property can never be called as a witness, by his vendee, to prove the title of the latter, and that no authority to the contrary can be shown. The cases of
 
 Nix
 
 v.
 
 Cutting,
 
 4 Tann. Rep. IS, and
 
 7Yard
 
 v.
 
 Wilkinson,
 
 4 Barn, and Aid. Rep. 410, (6 Eng. C. L. Rep. 406,)
 
 are
 
 authorities to the contrary, and will be'found to support our proposition. It is true, that if the defendant had set up and relied upon a title adverse to that of Griffin, and the sale by the latter to the plaintiff had been admitted or proved, then the plaintiff could not have introduced Griffin as a witness to support his own title, because, being liable to the plaintiff upon an implied warranty, he would have had an interest in proving his own title to be good. It is in cases of that kind to which the authorities, cited and relied upon by the defend
 
 *157
 
 ant’s counsel, apply. The distinction, between those cases and the one now under consideration, is certainly well founded, and it was, no doubt, a want of attention to it, which led liis Honor into the error of rejecting the testimony of Griffin, though offered for the sole purpose of proving a sale to the - plaintiff.
 

 The judgment must be reversed, and a
 
 venire de novo'
 
 awarded.
 

 Pee Curiam, ' Judgment reversed.